# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1424

_____

David A. Hicks,                          *
                                         *
              Appellant,                 *
                                         *    Appeal from the United States
       v.                                *    District Court for the
                                         *    Eastern District of Arkansas.
Michael J. Astrue, Commissioner,         *
Social Security Administration,          *         [UNPUBLISHED]
                                         *
              Appellee.                  *

_____

Submitted: January 28, 2008
Filed: February 12, 2008

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

David A. Hicks appeals the district court's[1] order affirming the denial of disability insurance benefits and supplemental security income. Hicks alleged disability from back and right-leg pain, and from numbness in his arms, hands, and right leg. Following a hearing, an administrative law judge (ALJ) determined that, while the medical evidence established a herniated disc, bursitis, and chronic back pain--which were severe impairments--the impairments alone or combined did not

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

meet or equal a listing; that Hicks's subjective complaints were not fully credible; and that although his residual functional capacity (RFC) for a wide range of light work precluded his past relevant work, based on the testimony of a vocational expert, Hicks could perform certain jobs and thus he was not disabled. After the Appeals Council denied review, the district court affirmed. Having carefully reviewed the record, we affirm. See Casey v. Astrue, 503 F.3d 687, 691 (8th Cir. 2007) (standard of review).

Contrary to Hicks's assertions, the ALJ gave multiple valid reasons for his credibility findings. See id. at 696 (ALJ's credibility determination is entitled to deference if based on good reasons). Further, we find substantial evidence in the record for the ALJ's decision to discount the RFC opinion of a spine specialist who had assessed Hicks on two occasions. See 20 C.F.R. §§ 404.1527(d)(2)-(6), 416.927(d)(2)-(6) (factors in determining weight to give treating physician's opinion); Hacker v. Barnhart, 459 F.3d 934, 937 (8th Cir. 2006) (ALJ may elect in certain circumstances not to give controlling weight to treating physician's opinion, as record must be evaluated as whole; final RFC determination is left to ALJ). We also reject Hick's assertion that the record shows he meets or equals the requirements of Listing 1.04. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04; Johnson v. Barnhart, 390 F.3d 1067, 1070 (8th Cir. 2004) (to meet burden of proof, claimant must present medical findings equal in severity to all criteria of listing). Hicks's remaining arguments provide no basis for reversal and merit no discussion.

Accordingly, we affirm.

_____